**Dated: September 10, 2010**
**The following is ORDERED:**

Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**JACOB M. ROSE**                         Case No. 10-81423-TRC
**ALYSHA M. ROSE,**                       Chapter 7
       Debtors.

O R D E R

On September 8, 2010, there came on for hearing the Motion to Lift Automatic Stay filed by Creditor Theodore Alexander, Personal Representative of the Estate of Theresa Alexander, Deceased (Docket Entry 7), Objection filed by Direct Traffic Control and Jacob Rose (Docket Entry 18), and Response by the Debtors (Docket Entry 21). After hearing the arguments of counsel, this matter was taken under advisement.

Upon review of the facts and the law, the Court finds that the state court case may proceed as to non-debtor defendants inasmuch as the protections of the automatic stay extend only to Debtor. Section 362's provision staying commencement or continuation of judicial proceedings against a debtor does not extend to solvent co-defendants of the debtor. *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442 (10th Cir. 1997). "[I]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-

obligors, or others with a similar legal or factual nexus to the . . . debtor." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3rd Cir. 1991) (citations omitted). Therefore, the bankruptcy of Jason Rose does not preclude the continuation of the state court action against his co-defendants. The Motion only seeks to lift the stay as to Debtor's co-defendants but not as to Debtor Jacob Rose. The Court also notes that the Debtors' bankruptcy counsel filed a response agreeing to lift the stay as requested in the Motion. Therefore, to the extent that there may be a stay in place as to the co-defendants, it should be lifted.

IT IS THEREFORE ORDERED that the automatic stay pursuant to 11 U.S.C. § 362 does not extend to non-debtor defendant Direct Traffic Control, Inc. or its insurance carrier in the state court action, therefore the Motion to Lift Automatic Stay (Docket Entry 7) is **granted.**

IT IS FURTHER ORDERED that the automatic stay shall remain in effect as to the Debtors until further order of the Court.

mlt

###